IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                                 5:05cr25/MCR
                                                                      5:07cv235/MCR/MD

JAMES THURMAN

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 43). The government has filed a response (doc. 51) and the defendant has not filed a reply, despite having been specifically directed to do so (doc. 52) and having been afforded an extension of time in which to do so. (Doc. 54). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a two count superceding indictment with conspiracy to distribute and possess with intent to distribute more than fifty grams of actual methamphetamine or 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846, and possession with intent to distribute more than fifty grams of actual methamphetamine on a date certain in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (Doc. 24). Represented by retained

counsel Robert S. Sombathy, Esq., he entered a plea of guilty pursuant to a written plea and cooperation agreement, which was filed along with a statement of facts. (Doc. 28, 29).

The PSR established defendant's base offense level at 36 based on the quantity of drugs attributable to him, and his total offense level at 35 after a two level adjustment for possession of a firearm during the conspiracy, and a three level downward adjustment for acceptance of responsibility (PSR ¶¶ 18, 19, 24, & 27). His criminal history category was I, and the applicable guidelines range was 168-210 months. The statutory minimum mandatory on the two charges was 10 years imprisonment, and the maximum term of imprisonment was life pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant filed no objections to the PSR. (PSR ¶ 71). The government filed a motion concerning defendant's substantial assistance and he was sentenced below the statutory minimum mandatory and the applicable guidelines range to a term of 95 months imprisonment. (Doc. 39, 40)

In the present motion, defendant raises three grounds for relief. He contends that the district court erred when it imposed a two-level enhancement for possession of firearms during drug transaction, that the two-level enhancement was supported only by hearsay evidence, and that trial counsel was constitutionally ineffective for his failure to contest the enhancement and to file a notice of appeal.

## II. LEGAL ANALYSIS

### A. General principles

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct

appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Generally, an allegation of misapplication of sentencing guidelines raises neither constitutional, jurisdictional, or fundamental error which would result in a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing cases); *United States v. Perez*, 952 F.2d 908, 910 (5th Cir. 1992). Therefore, because of the narrow parameters of section 2255 review, and due to an available avenue of review through direct appeal, sentences imposed within statutory limits are generally insulated from section 2255 review. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816, 830 (1982); *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995); *Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir. 1991).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter

[an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. No hearing is warranted in this case.

### B. Application of the firearm adjustment

Three of defendant's claims concern the application of the two level firearm adjustment. In his first claim he appears to suggest that application of the adjustment "for a gun that someone said [he] had at one time or another" was improper because it was not specified in his plea agreement. In claim two, he asserts that the adjustment was improper because it was only supported by "hearsay." In claim three he contends that counsel was constitutionally ineffective because he failed to raise these arguments.

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *See Bousley v. United States,* 118 S.Ct. 1604, 1610 (1998); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error or that he is "actually innocent." *Bousley,* 118 S.Ct. at 1611 (citations omitted); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004). To show cause for

procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). In the alternative, a defendant can overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice. *Montano*, 398 F.3d at 1280 (citing *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986))). Defendant can show neither in this case.

The statement of facts prepared by the Assistant United States Attorney and signed by the defendant and his counsel did not mention firearms. (Doc. 29). The PSR, to which no objections were filed, applied the adjustment because "The defendant was in possession of a firearm during transactions in this conspiracy." PSR ¶ 19. The basis for this statement was vaguely described as follows:

> The DEA has also determined, based upon interviews with individuals involved in the methamphetamine distribution activities with Thurman, that the defendant was in possession of firearms during drug transactions. These coconspirators have indicated that the defendant carried firearms during transactions involving methamphetamine. Law enforcement officers have reported that firearms were found at the defendant's residence during the search on July 7, 2005.

(PSR ¶ 10).[1] Although great detail was not provided in other court documents, it its response, the government asserts that documents given in discovery described the seized firearms as:

> A) from the glove box of Petitioner's red Honda ATV, a loaded Walther Model PPK .380 semi-automatic handgun.
>
> B) from the master bedroom, a Plain Field Machine Model M-1 .30 caliber; a loaded Marlin Model 336CS .30-30 rifle; a loaded Browning .30-06 rifle with scope; Remington Model 522 viper .22 caliber rifle; Sears Model 34 .22 caliber rifle; Ruger mini-14 Ranch rifle .223 caliber with scope and 40-round

---

[1] Although the co-conspirators are not identified by name in the PSR, the government notes that co-conspirators Fountain and Kritzer cooperated against the defendant, and that Fountain told law enforcement that defendant carried firearms during their joint drug transactions.

magazine; Marlin Model 60 .22 caliber rifle with scope; Remington Model 7400 .30-06 rifle without stock; loaded Remington Model 1100 12 gauge shotgun; Savage Arms Stephens Model 311 Series H 12 gauge double barrel shotgun.  Also found in the bedroom was a metal tin with glass pipe which tested positive for methamphetamine.

(Doc. 51 at 4-5).

The federal Sentencing Guidelines provide that, if a dangerous weapon (including a firearm) was possessed during a drug-trafficking offense, then a defendant's offense level should be increased by two levels, unless it is clearly improbable that the weapon was connected to the offense.  *United States v. Stallings*,  463 F.3d 1218, 1220 (11th Cir. 2006) (citing *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001)). To justify a firearms enhancement, the government must either establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or prove that the defendant possessed a firearm during conduct associated with the offense of conviction. *Id*.  Once the government meets this initial burden, the defendant must demonstrate that the connection between the weapon and the offense was "clearly improbable."  *Id.*  Defendant has not made such a showing.

To the extent the defendant argues that co-conspirator Fountain's statements regarding his possession of firearms during the course of the conspiracy were inadmissible hearsay and should not have been considered at sentencing, he is mistaken.  The consideration of hearsay evidence at sentencing violates neither the Confrontation Clause, *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005), *cert. denied*, 547 U.S. 1034, 126 S.Ct. 1604, 164 L.Ed.2d 325 (2006), nor due process.  *United States v. Baker*, 432 F.3d 1189, 1253-1254 n. 68 (11th Cir. 2005), *cert. denied,* 547 U.S. 1085, 126 S.Ct. 1809, 164 L.Ed.2d 544 (2005).  Reliable hearsay may be used at sentencing.  *Cantellano*, (citing *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001); see also *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999); *United States v. Castellanos*, 904 F.2d 1490, 1495 (11th Cir. 1990)).

Even without the co-conspirator's hearsay statements, the application of the adjustment was warranted based on the discovery of the weapons and drugs in the defendant's vehicles and in his bedroom.

Defendant's last claim with respect to this adjustment was that counsel was ineffective for his failure to object to the adjustment. Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

Counsel is not ineffective for failing to preserve or argue a meritless claim. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375

(11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful). There was clearly both a legal and a factual basis for the application of the two level adjustment against the defendant, and counsel was not deficient for his failure to object.

    C. <u>Failure to file an appeal</u>

Defendant's last claim is that counsel was constitutionally ineffective because he failed to file an appeal. He states that "he asked for a direct appeal two days after sentencing and all I received was a letter saying in so many words it would be a waste of time." (Doc. 43 at 7). Despite this assertion, the government stated in its response that defendant "has failed to establish that the directed his counsel to file a notice of appeal," and noted that the court notified the defendant of his right to file an appeal himself. (Doc. 51 at 8). The government did not submit an affidavit from defendant's trial counsel, although it submitted a letter addressed to defendant that did not mention the issue of an appeal. In its order directing the defendant to reply to the government's response, the court directed defendant to submit a sworn statement regarding the circumstances surrounding his request for an appeal. He was ordered to set forth, in as much detail as possible and under penalty of perjury, *all* discussions (and attempted discussions) he had with counsel regarding an appeal. He was further advised to attach a copy of the letter he received from counsel in response if it was still in his possession. The court informed defendant that upon receipt of his reply and affidavit, the court would assess the need for an evidentiary hearing, and that failure to submit the affidavit could be construed as abandonment of this claim. (Doc. 52). This order was entered on January 10, 2008.

On February 11, 2008 the court received a document entitled "referral" in which the defendant sought a 30 day extension of time to respond to the government's response to his motion. (Doc. 55). This motion was granted, and the time for filing defendant's response elapsed on March 14, 2008. More than an additional thirty days have elapsed

since the expiration of that deadline, and nothing has been received from the defendant. Therefore, due to defendant's failure to pursue this claim, the court deems it to have been abandoned.²

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 43) be DENIED.

At Pensacola, Florida, this 21st day of April, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

²Additionally, the court notes that an appeal would have been inconsistent with both defendant's cooperation with the government and the sentence that was imposed well below both the statutory mandatory minimum and the applicable guidelines range.

*Case No: 5:05cr25/MCR; 5:07cv235/MCR/MD*